UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA WHITEROCK,<br>    Plaintiff,<br>    v.<br>OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, et al.,<br>    Defendants. | Case No. 15-cv-01033-KAW<br><br>**ORDER GRANTING DEFENDANT MANUFACTURERS AND TRADERS TRUST COMPANY'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

On March 11, 2015, Defendants Manufacturers and Traders Trust Company ("M&T") filed a motion to dismiss Plaintiff Paula Whiterock's complaint. (Def.'s Mot., Dkt. No. 8.) Co-defendant Old Republic Default Management Services joined in the motion.

On May 28, 2015, the Court held a hearing, at which Plaintiff did not appear, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS M&T's Motion to Dismiss.

## I. BACKGROUND

In 2006, Plaintiff Paula Whiterock obtained a mortgage loan, secured by a deed of trust, from M&T Mortgage Corporation for the Subject Property located at 50 Charro Drive, Santa Rosa, California. (Compl., Dkt. No. 1., Ex. 1 ¶ 2; Req. for Judicial Notice ("RJN"), Dkt. No. 9, Ex. B.) Thereafter, Plaintiff obtained two loan modifications in 2007 and 2011 from M&T Bank, which had merged with M&T Mortgage Corporation. (RJN, Exs. C & D.) These modifications were recorded on August 22, 2008 and June 15, 2012. *Id.*

On April 4, 2012, acting as an agent for M&T, Defendant Old Republic Management Services ("Old Republic") recorded a Notice of Default with the Sonoma County Recorder's Office, which provided that, as of April 3, 2012, the loan was in default in the amount of

$26,021.56. (RJN, Ex. E.)  On August 14, 2012, M&T substituted Old Republic as the trustee on the Deed of Trust. (RJN, Ex. F.)  Also on August 14, 2012, Old Republic recorded a Notice of Trustee's Sale. (RJN, Ex. G.)  On September 24, 2013, Old Republic recorded a second Notice of Trustee's Sale. (RJN, Ex. H.)  On November 20, 2014, Old Republic recorded a Trustee's Deed Upon Sale with the Sonoma County Recorder's Office, in which M&T obtained legal title to the Subject Property. (RJN, Ex. I.)

On December 10, 2014, Plaintiff filed this action in Sonoma County Superior Court. On March 5, 2015, M&T timely removed the case to federal court.

On March 11, 2015, M&T filed a motion to dismiss the complaint. (Def.'s Mot., Dkt. No. 8.)  Old Republic joined in the motion. (Dkt. No. 19.)  On April 7, 2015, the Court issued an order to show cause to Plaintiff to explain why the motion should not be granted for failure to file an opposition. (Dkt. No. 20.)  On April 8, 2015, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 23.)  On April 14, 2015, M&T filed its reply. (Def.'s Reply, Dkt. No. 25.)

## II.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B.     Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts

which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.   DISCUSSION

#### A.   Request for Judicial Notice

As a preliminary matter, M&T asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Req. for Judicial Notice ("RJN"), Dkt. No. 9.) The documents are purportedly true and correct copies of: A) A Grant Deed recorded with the Sonoma County Recorder's Office on October 13, 1998; B) a Deed of Trust recorded with the Sonoma County Recorder's Office on March 6, 2006; C) A Loan Modification Agreement recorded with the Sonoma County Recorder's Office on August 22, 2008; D) A Loan Modification Agreement recorded with the Sonoma County Recorder's Office on July 15, 2012; E) Notice of Default and Election to Sell Under Deed of Trust, dated April 3, 2012, and recorded with the Sonoma County Recorder on April 4, 2012; F) A Substitution of Trustee recorded with the Sonoma County Recorder on August 14, 2012; G) A Notice of Trustee's Sale recorded on August 14, 2012; H) Notice of Trustee's Sale Trust recorded with the Sonoma County Recorder on September 24, 2013; and I) A Trustee's Deed Upon Sale recorded with the Sonoma County Recorder on November 20, 2014.

Plaintiff does not oppose Defendant's request for judicial notice. In fact, Plaintiff attached several of these documents to her complaint.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir.1993). The Court concludes that the government records and public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal.2010) (taking judicial notice of nearly identical documents). Accordingly, the Court GRANTS M&T's request for judicial notice.

4

B.  **Motion to Dismiss**

  i.  **Wrongful Foreclosure**

Plaintiff's first cause of action is for wrongful foreclosure in violation of California Civil Code § 2924. Section 2924(a)(l)(C) requires that the beneficiary of the deed of trust include a statement in the notice of default that describes "the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default." Here, Plaintiff alleges that Defendants did not have standing to initiate non-judicial foreclosure proceedings. (Compl. ¶ 53.) Rather, Defendants allegedly used robo-signers. (*See* Pl.'s Opp'n at 8.) Even if true, the prevailing view in this district is that plaintiffs do not have standing to contest the validity of robo-signatures. *See, e.g., Carollo v. Vericrest Fin., Inc.*, 11-CV-4767 YGR, 2012 WL 4343816, at *3 (N.D. Cal. Sept. 21, 2012); *McGough v. Wells Fargo Bank, N.A.*, C12-0050 TEH, 2012 WL 5199411, at *6 (N.D. Cal. Oct. 22, 2012) ("Plaintiff cannot show that it resulted in prejudice to him as the borrower because his default caused the foreclosure."). The reasoning is that the plaintiff lacks standing to contest the validity of a robo-signature, because the foreclosure was the result of not making payments and entering default, such that she did "not suffer an injury as a result of the assignment of deed of trust, even if the assignment was fraudulent." *Carollo*, 2012 WL 4343816, at *6. In fact, M&T originated the loan and never assigned it to another entity, so any allegations regarding robo-signing are baseless.

Notwithstanding, Defendant seeks to dismiss Plaintiff's § 2924 cause of action on various grounds, including Plaintiff's failure to allege that she had tender. (*See* Def.'s Mot. at 5-7; Def.'s Reply at 3.). In opposition, Plaintiff claims that she need not allege tender to allege wrongful foreclosure. (Pl.'s Opp'n at 6.) Specifically, Plaintiff claims that Defendants did not have authority to foreclose on the Property, rendering any foreclosure sale void, and excusing the tender requirement. *See Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1093 (N.D. Cal. 2013). Here, however, M&T is both the originating lender and the entity that recorded the Notice of Default, and Old Republic was substituted as trustee. (RJN, Exs. D-I.) Therefore, they had the authority to foreclose on the property, and Plaintiff must allege tender. At the very least, Plaintiff

must allege that she could have tendered the funds to bring the loan current and cure the default. *Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 5869642, at *5 (N.D. Cal. Nov. 19, 2012).

To the extent that Plaintiff claims that Defendants violated § 2923.5 by failing to contact her prior to filing the NOD, any remedy under § 2923.5 is limited to the postponement of foreclosure. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877-78 (N.D. Cal. 2010) (after the property had been sold at foreclosure, no remedy remained for a violation of § 2923.5); *see also Skov v. U.S. Bank Nat. Assn.*, 207 Cal. App. 4th 690, 696 (6th Dist. 2012) ("The only remedy for noncompliance with the statute is the postponement of the foreclosure sale."). Therefore, Defendants' alleged failure to comply with § 2923.5 does not relieve Plaintiff of the tender requirement.

In light of the foregoing, Plaintiff's first cause of action is dismissed with leave to amend to allege tender. If Plaintiff cannot, in good faith, allege that she could have tendered the amount to bring the loan current, she should not amend.

### ii. Declaratory Relief

Plaintiff's second cause of action is for declaratory relief. This cause of action, however, is duplicative of the relief sought through Plaintiff's other causes of action, and is dismissed with prejudice. *See Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009). Moreover, Plaintiff concedes that claim must be dismissed without leave to amend. (Pl.'s Opp'n at 15.)

Accordingly, the second cause of action is dismissed without leave to amend.

### iii. Fraud in the Concealment

Plaintiff's third cause of action is for fraud in the concealment. (Compl. ¶¶ 83-94.) Specifically, Plaintiff alleges that Defendants "concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements...." (Compl. ¶ 84.) Plaintiff also alleges that she should have been told that she could not afford the loan, that she was not told that her property was securing the loan, and that Defendants made commissions, kickbacks, and premiums from originating the loans. (Compl. ¶¶ 84, 89.)

6

Defendant seeks dismissal of this cause of action on the grounds that any fraud claims pertaining to origination are barred by the statute of limitation. (Def.'s Mot. at 9.) California has a three year statute of limitations for fraud claims. Cal. Civ. Proc. Code § 338(d). Generally, "the three-year period does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the fraud" *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "Constructive notice is knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." *Id.* All loan terms were contained in the loan documents that Plaintiff signed, so even if Plaintiff did not read them, she had constructive notice of all terms at the time of origination. *See, e.g., Hague v. Wells Fargo Bank, N.A.*, C11-02366 TEH, 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012) (fraud claim was time-barred when the terms of the loan were provided at signing, such that "reasonable diligence would have enabled Plaintiff to discover the problem."). To the extent that Plaintiff alleges that she was not told that the Subject Property secured her loan, this is apparent from the Deed of Trust, so that fraud allegation must be dismissed with prejudice. (Compl. ¶ 89; RJN, Ex. B at 1.) Also, any fraud claim at origination or modification would appear to be time barred, because the complaint was filed more than three years after the 2011 modification. Notwithstanding, the cause of action is dismissed with leave to amend to specify which loan or loans Plaintiff is referring to, when the fraud occurred, and when it was discovered.

Furthermore, fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Here, Plaintiff does not describe any false statements made by Defendants, let alone allege when, where, and how the statements were made. Rather, Plaintiff alleges that she did not know that her loan could be securitized and that Defendants had a duty to disclose "the fact that Plaintiff

7

could not afford the loan." (Compl. ¶¶ 84, 89.) Lenders can sell the loans that they initiate, and the act of selling the loan does not generally have a "materially negative effect" on the borrower, because the terms remain the same. (*See* Compl. ¶ 84.)

Plaintiff also claims that M&T did not inform her that they could collect commissions, kickbacks, and undisclosed yield premiums. (Compl. ¶ 89.) To the extent that this is an allegation that Defendants violated the Truth in Lending Act ("TILA") by not providing the proper disclosures, any claim for rescission would be barred by the three year limitations period assuming that the disclosures were not provided at the time of origination. *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (the three year period is a statute of repose that cannot be tolled).

Accordingly, Plaintiff may amend this cause of action to plead with particularity fraud allegations, including when the fraud was discovered, but to the extent that they occurred at origination, they are likely time barred. Any claims regarding commissions are also barred by TILA's three year statute of limitations.

### iv. Intentional Infliction of Emotional Distress

Plaintiff's fourth cause of action is for intentional infliction of emotional distress. (Compl. ¶¶ 95-106.) Intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)(citations omitted).

Conduct is extreme and outrageous when it "exceed[s] all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n. 7 (1987). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1122 (1988). Here, Plaintiff alleges that Defendants had no right to foreclose or sell the Subject Property, and that doing so constituted outrageous or reckless conduct. (Compl. ¶¶ 98, 100.) She does not allege that she made her payments and was

1 foreclosed upon despite being current on her loan. Moreover, it is clear that Defendants, as the
2 lender and trustee, had a right to initiate a non-judicial foreclosure, so to the extent that they did so
3 is not extreme or outrageous conduct, and this claim must be dismissed.

Notwithstanding, if Plaintiff has any other allegations pertaining to Defendants' conduct, she may amend her complaint to allege those facts in support of her claim. If Plaintiff does not have any additional facts to allege, she should not amend this cause of action.

### v. Slander of Title

Plaintiff's fifth cause of action is for slander of title. (Compl. ¶¶ 107-114.) Specifically, Plaintiff claims that Defendants had no interest in the property, and that the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed "disparaged and slandered" Plaintiff's title. (Compl. ¶¶ 109-110.) The elements of a cause of action for slander of title are "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 664 (2011). Plaintiff does not, however, allege that any of the information contained in the notices was false. Rather, she argues that Defendants recorded the notices without authority. (*See* Pl.'s Opp'n at 12:24-25.) Nor does Plaintiff allege any actual pecuniary losses caused by the recordation of those documents. Instead, she alleges that she has "incurred expenses in order to clear title to the Property" and expects to incur additional charges. (Compl. ¶ 111.) This is insufficient to sustain a slander of title claim. Therefore, the fifth cause of action is dismissed with leave to amend to allege, if true, that the information was false and to specify what pecuniary harm Plaintiff has suffered.

Additionally, Defendant claims that recording the notice is privileged under California Civil Code section 47. (Def.'s Mot. at 12.) Privilege, however, is an affirmative defense, and is more appropriately decided on summary judgment. *See Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal.App.3d 625, 630-631(1986).

### vi. Quiet Title

Plaintiff's sixth cause of action is for quiet title. M&T contends that this claim must be dismissed because plaintiff has not offered to tender the full amount of the debt. (Def.'s Mot. at

9

1 13.)

2       Generally, a requirement of an action to quiet title is an allegation that plaintiffs "are the
3 rightful owners of the property, i.e. that they have satisfied their obligations under the deed of
4 trust." *See Kelley v. Mortgage Elec. Registration Sys., Inc.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal.
5 2009). Thus, it is normally dispositive as to this claim that, under California law, a borrower may
6 not assert a quiet title action against a mortgagee without first paying the outstanding debt on the
7 property. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010).
8 As discussed above, courts have refused to apply the tender requirement where plaintiff plausibly
9 alleges that the defendant lacks authority to foreclose on the property and, thus, that any
10 foreclosure sale would be void rather than merely voidable. *See Lester v. J.P. Morgan Chase
11 Bank*, 926 F. Supp. 2d 1081, 1095 (N.D. Cal. 2013).

12       Here, however, M&T originated the loan and recorded the NOD, and Old Republic was
13 substituted as trustee. (RJN, Exs. D-I.) Thus, Plaintiff must allege that she could have tendered the
14 funds to bring the loan current and cure the default. *Vargas v. Wells Fargo Bank, N.A.*, No. C 12-
15 02008 WHA, 2012 WL 5869642, at *5 (N.D. Cal. Nov. 19, 2012). Since she has not alleged
16 tender, this claim must be dismissed with leave to amend. If Plaintiff did not have the funds
17 available to cure the default, she should not amend this cause of action.

18       **vii.**   **Rescission**

19       Plaintiff's seventh cause of action is for rescission. (Compl. ¶¶ 124-128.) Defendant seeks
20 to dismiss this claim on the grounds that Plaintiff cannot rescind the contract at her pleasure.
21 (Def.'s Mot. at 13.) Notwithstanding, rescission is not an independent cause of action, but rather
22 is a remedy. *See, e.g., Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 709 (N.D. Cal.
23 2009).

24       To the extent that Plaintiff seeks rescission under TILA, as provided above, any such relief
25 is barred by TILA's three year statute of limitations. *See Falcocchia v. Saxon Mortg., Inc.*, 709 F.
26 Supp. 2d 860, 867 (E.D. Cal. 2010). Here, Plaintiff alleges that Defendants violated TILA by
27 failing "to properly disclose the details of the loan" and by underwriting a loan that Plaintiff could
28 not afford. (Compl. ¶ 126.) Plaintiff's original loan was originated in 2006, and she did not file

1   this action until December 10, 2014, so any TILA claims are time-barred and cannot be the basis
2   for any prayer for relief.
3   Since rescission is not an independent cause of action, it must be dismissed without leave
4   to amend.  Plaintiff may, however, amend her prayer for relief to include rescission so long as she
5   alleges tender in connection with her cause of action for wrongful foreclosure.

### viii.   Injunctive Relief

Plaintiff's eighth cause of action is for injunctive relief.  Section 2924.12 provides that "a borrower may bring an action for injunctive relief to enjoin a material violation" of various provisions of the HBOR. Cal. Civ.Code § 2924.12(a) (1); *see also Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 993 (N.D. Cal. 2014) ("HBOR provides borrowers with a private right of action for certain material violations of HBOR"). HBOR, however, provides pre-foreclosure relief.  Therefore, "to the extent that Plaintiff seeks to set aside the completed foreclosure sale of the Subject Property, Plaintiff's claim for injunctive relief amounts to a common law action for wrongful foreclosure." *See Bingham v. Ocwen Loan Servicing, LLC*, No. 13-CV-04040-LHK, 2014 WL 1494005, at *5 (N.D. Cal. Apr. 16, 2014).

Moreover, Plaintiff concedes that this claim must be dismissed without leave to amend. (Pl.'s Opp'n at 15.)

Since this is duplicative of the relief sought in the first cause of action, it is dismissed with prejudice.

### IV.   CONCLUSION

In light of the foregoing, Defendant Manufacturers and Traders Trust Company's motion to dismiss is GRANTED.  Plaintiff's first, third, fourth, fifth, and sixth causes of action are dismissed with leave to amend.  Plaintiff's second, seventh, and eight causes of action are dismissed without leave to amend. Plaintiff shall file a first amended complaint on or before **June 24, 2015**.

Plaintiff is on notice that the first amended complaint will supersede the original complaint, such that it will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  For

11

1    that reason, Plaintiff shall properly identify the legal and factual bases for all of her claims, free of
2    any reference to any prior complaint.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987),
3    overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).
4        In amending her complaint, Plaintiff may wish to contact the Federal Pro Bono Project's
5    Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982.  Plaintiff
6    may also wish to consult a manual the court has adopted to assist pro se litigants in presenting
7    their case.  This manual, and other free information for pro se litigants, is available online at:
8    *http://cand.uscourts.gov/proselitigants*.
9        IT IS SO ORDERED.
10   Dated: May 29, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge