UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULA WHITEROCK,

    Plaintiff,

v.

OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, et al.,

    Defendants.

Case No. 15-cv-01033-KAW

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

Re: Dkt. No. 36

On July 2, 2015, Defendants Manufacturers and Traders Trust Company ("M&T") filed a motion to dismiss Plaintiff Paula Whiterock's first amended complaint. (Def.'s Mot., Dkt. No. 36.) Co-defendant Old Republic Default Management Services joined in the motion. (Dkt. No. 38.)

On September 17, 2015, the Court held a hearing, at which Plaintiff failed to appear, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS M&T's Motion to Dismiss in full and without leave to amend, because any amendment would be futile.

## I. BACKGROUND

In 2006, Plaintiff Paula Whiterock obtained a mortgage loan, secured by a deed of trust, from M&T Mortgage Corporation for the Subject Property located at 50 Charro Drive, Santa Rosa, California. (First Am. Compl., "FAC," Dkt. No. 35 ¶ 13, Ex. 1; Req. for Judicial Notice ("RJN"), Dkt. No. 37, Ex. B.) Thereafter, Plaintiff obtained two loan modifications in 2007 and 2011 from M&T Bank, which had merged with M&T Mortgage Corporation. (RJN, Exs. C & D.) These modifications were recorded on August 22, 2008 and June 15, 2012. *Id.*

On April 4, 2012, acting as an agent for M&T, Defendant Old Republic Management Services ("Old Republic") recorded a Notice of Default with the Sonoma County Recorder's

Office, which provided that, as of April 3, 2012, the loan was in default in the amount of $26,021.56. (RJN, Ex. E.) On August 14, 2012, M&T substituted Old Republic as the trustee on the Deed of Trust. (RJN, Ex. F.) Also on August 14, 2012, Old Republic recorded a Notice of Trustee's Sale. (RJN, Ex. G.) On September 24, 2013, Old Republic recorded a second Notice of Trustee's Sale. (RJN, Ex. H.) On November 20, 2014, Old Republic recorded a Trustee's Deed Upon Sale with the Sonoma County Recorder's Office, in which M&T obtained legal title to the Subject Property. (RJN, Ex. I.)

On December 10, 2014, Plaintiff filed this action in Sonoma County Superior Court. On March 5, 2015, M&T timely removed the case to federal court. On March 11, 2015, M&T filed a motion to dismiss the initial complaint. Plaintiff failed to file a timely opposition, and, on April 7, 2015, the Court issued an order to show cause to Plaintiff to explain why the motion should not be granted for failure to file an opposition. Plaintiff filed her opposition, but did not respond to the order to show cause. On May 28, 2015, Plaintiff failed to appear at the hearing on the motion to dismiss. (*See* Minute Entry, Dkt. No. 32.) On May 29, 2015, the Court dismissed Plaintiff's initial complaint with leave to amend, in which it identified the deficiencies in the pleading and advised Plaintiff that legal assistance was available through the Federal Pro Bono Project. (5/29/15 Order, Dkt. No. 31.)

On June 22, 2015, Plaintiff filed a first amended complaint. On July 2, 2015, M&T filed a motion to dismiss the first amended complaint. (Def.'s Mot., Dkt. No. 36.) Old Republic joined in the motion. (Dkt. No. 38.) Plaintiff did not file a timely opposition to the motion to dismiss, so the Court continued the motion's hearing date and issued an order to show cause on July 27, 2015 to Plaintiff to explain why the motion should not be granted for failure to file an opposition. (Dkt. No. 40.) On August 11, 2015, Plaintiff filed her opposition. (Pl.'s Opp'n, Dkt. No. 41.) Plaintiff did not file a response to the order to show cause. On August 18, 2015, M&T filed its reply. (Def.'s Reply, Dkt. No. 42.)

On August 26, 2015, the Court ordered Plaintiff to file a response to the order to show cause by September 8, 2015. (Dkt. No. 46.) To date, Plaintiff has not filed a response.

On September 17, 2015, the Court held a hearing on the motion to dismiss, at which

Plaintiff again failed to appear.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, M&T asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Req. for Judicial Notice ("RJN"), Dkt. No. 37.) The documents are purportedly true and correct copies of: A) A Grant Deed recorded with the Sonoma County Recorder's Office on October 13, 1998; B) a Deed of Trust recorded with the Sonoma County Recorder's Office on March 6, 2006; C) A Loan Modification Agreement recorded with the Sonoma County Recorder's Office on August 22, 2008; D) A Loan Modification Agreement recorded with the Sonoma County Recorder's Office on July 15, 2012; E) Notice of Default and Election to Sell Under Deed of Trust, dated

1   April 3, 2012, and recorded with the Sonoma County Recorder on April 4, 2012; F) A
2   Substitution of Trustee recorded with the Sonoma County Recorder on August 14, 2012; G)
3   A Notice of Trustee's Sale recorded on August 14, 2012; H) Notice of Trustee's Sale Trust
4   recorded with the Sonoma County Recorder on September 24, 2013; I) A Trustee's Deed
5   Upon Sale recorded with the Sonoma County Recorder on November 20, 2014; J) Plaintiff's
6   Opposition to the motion to dismiss the initial complaint, filed on April 8, 2015; and K) the
7   Court's order granting the motion to dismiss the initial complaint , filed on May 29, 2015.

Plaintiff does not oppose Defendant's request for judicial notice.  In fact, Plaintiff attached several of these documents to her first amended complaint.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  The Court concludes that the government records and public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D.Cal. 2010) (taking judicial notice of nearly identical documents).

M&T has also requested that the court take judicial notice of Plaintiff's opposition to its motion to dismiss the initial complaint (Ex. J) and the Court's order granting the motion to dismiss with leave to amend (Ex. K).  While court records in the instant case need not be judicially noticed, the Court will take judicial notice of Exhibits J and K, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS M&T's request for judicial notice.

### B. Motion to Dismiss

As an initial matter, Plaintiff failed to timely respond to the motion to dismiss the first amended complaint, and never filed a response to the order to show cause despite being given two opportunities. Additionally, Plaintiff failed to appear at the September 17, 2015 hearing. Accordingly, the Court dismisses this case with prejudice for failure to prosecute.

Notwithstanding, since Plaintiff is proceeding pro se, the Court will address M&T's motion to dismiss on the merits as it relates to the remaining five causes of action.

### i. Wrongful Foreclosure

Plaintiff's first cause of action is for wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924. (FAC ¶¶ 37-75.) The Court previously dismissed this cause of action with leave to amend, and required Plaintiff to allege that she could have tendered the arrears to cure the default. (5/29/15 Order at 5-6.)[1] In the amended complaint, Plaintiff continues to allege that tender is not required to rescind the loan. (FAC ¶¶ 6, 39-42, 75.) To the contrary, rescission requires an allegation of tender. *See Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 5869642, at *5 (N.D. Cal. Nov. 19, 2012).

In the first amended complaint, Plaintiff's wrongful foreclosure allegation seeks to set aside the sale of her property under § 2923.5 on the grounds that Defendants failed to contact her prior to filing the NOD, and that the NOD is invalid because it overstated the amount of Plaintiff's indebtedness. (FAC ¶¶ 43, 51.) In opposition, Plaintiff asserts that "Civil Code [§] 2923.5 is an obligation that Defendants must meet before instituting a non-judicial foreclosure of Plaintiff's real property. (Pl.'s Opp'n at 13.) While this is technically correct, any remedy under § 2923.5 is limited to the postponement of foreclosure. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 877-78 (N.D. Cal. 2010) (after the property had been sold at foreclosure, no remedy remained for a violation of § 2923.5); *see also Skov v. U.S. Bank Nat. Assn.*, 207 Cal. App. 4th 690, 696 (6th Dist. 2012) ("The only remedy for noncompliance with the statute is the postponement of the foreclosure sale."). The property was sold on November 20, 2014. (RJN, Ex. I.) Therefore, Plaintiff is unable to obtain relief for any alleged failure to comply with § 2923.5.

Plaintiff also alleges that she can recover monetary damages for wrongful foreclosure,

---

[1] Plaintiff is correct that she need not allege that she could tender the full amount of indebtedness. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 225 (2010). This, however, does not excuse the requirement that she allege that she could have tendered the arrears. Indeed, Plaintiff cites *Munger v. Moore*, which stands for the very proposition that a borrower is entitled to cure the default by paying the arrears. 11 Cal. App. 3d 1, 8 (Ct. App. 1970)(lender improperly refused to accept entire amount of arrears to cure default). Instead, Plaintiff misconstrues *Munger* as excusing the tender requirement in wrongful foreclosure cases. (*See* Pl.'s Opp'n at 12.) This is simply incorrect.

6

pursuant to Civil Code § 2924.12(b), for violations of §§ 2923.55 and 2924.17 that were committed in connection with the allegedly invalid NOD. (FAC ¶ 59.) Essentially, Plaintiff is now alleging that Defendants committed material violations of the Homeowner Bill of Rights ("HBOR"), which became effective on January 1, 2013. HBOR does not have retroactive effect. *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1152 (N.D. Cal. 2013) (citing *Sabherwal v. Bank of New York Mellon*, 2013 WL 4833940, at *10 (S.D. Cal. Sept. 10, 2013)). Thus, Plaintiff is not entitled to damages for material breaches of the statute that occurred prior to the effective date. The purported misconduct, as alleged, was the recordation of the NOD, which occurred on April 4, 2012. (*See* RJN, Ex. E.) Since the NOD was recorded before January 1, 2013, Plaintiff cannot recover monetary damages for wrongful foreclosure based on these alleged violations of HBOR.

Defendant seeks to dismiss the wrongful foreclosure claims under § 2924 on that grounds that Plaintiff does not allege that she had tender. (*See* Def.'s Mot. at 4-5; Def.'s Reply at 3-4.). In opposition, Plaintiff claims that she need not allege tender to allege wrongful foreclosure. (Pl.'s Opp'n at 10-13.) Specifically, Plaintiff claims that Defendants did not have authority to foreclose on the Property, rendering any foreclosure sale void, and excusing the tender requirement. (Pl.'s Opp'n at 10-11.) Here, however, M&T is both the originating lender and the entity that recorded the Notice of Default, and Old Republic was substituted as trustee. (RJN, Exs. D-I.) Therefore, Defendants had the authority to foreclose on the property, and Plaintiff must, at the very least allege that she could have tendered the funds to bring the loan current and cure the default. *Vargas v. Wells Fargo Bank, N.A.*, No. C 12-02008 WHA, 2012 WL 5869642, at *5 (N.D. Cal. Nov. 19, 2012).

Plaintiff was previously advised of the need to allege that she could have tendered the arrears to cure the default, but she has refused to do so, presumably because she cannot make the allegation in good faith. Since tender is required for rescission, Plaintiff's repeated argument that tender is not required, and her continued failure to allege tender, requires that the cause of action be dismissed without leave to amend, because any amendment would be futile.

///

7

### ii. Fraud in the Concealment

Plaintiff's second cause of action is for fraud in the concealment. (FAC ¶¶ 76-92.) As an initial matter, Plaintiff does not address this cause of action in her opposition. Since Plaintiff is proceeding pro se, however, the Court will address the claim as alleged in the FAC.

Notwithstanding, Plaintiff continues to allege that Defendants concealed the fact that the loan was securitized and was pooled with other loans, which came to her attention in November 2014. (FAC ¶¶ 80-82.) Plaintiff also alleges that she should have been told that she could not afford the loan, and that Defendants made commissions, kickbacks, and premiums from originating the loans. (FAC ¶¶ 87, 89.)

Defendant seeks dismissal of this cause of action on the grounds that any fraud claims pertaining to origination are barred by the statute of limitations. (Def.'s Mot. at 7-8.) California has a three year limitations period for fraud claims. Cal. Civ. Proc. Code § 338(d). Generally, "the three-year period does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the fraud." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "Constructive notice is knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." *Id.* All loan terms were contained in the loan documents that Plaintiff signed, so even if Plaintiff did not read them, she had constructive notice of all terms at the time of origination. *See, e.g., Hague v. Wells Fargo Bank, N.A.*, C11-02366 TEH, 2012 WL 1029668, at *5 (N.D. Cal. Mar. 26, 2012) (fraud claim was time-barred when the terms of the loan were provided at signing, such that "reasonable diligence would have enabled Plaintiff to discover the problem."). To the extent that Plaintiff alleges that she was not told that the Subject Property secured her loan, this is apparent from the Deed of Trust, so that fraud allegation must be dismissed with prejudice. (FAC ¶ 80; RJN, Ex. B at 1.) Also, any fraud claim at origination or modification is time barred, because the complaint was filed more than three years after the 2011 modification. As Plaintiff was already given leave to amend to specify when the alleged fraud occurred, and when it was discovered, the Court finds that this claim is time barred.

Furthermore, fraud claims are subject to the heightened pleading requirements of

Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Here, Plaintiff does not describe any false statements made by Defendants, let alone allege when, where, and how the statements were made. Rather, Plaintiff alleges that she did not know that her loan could be securitized and that Defendants had a duty to disclose the fact that Plaintiff could not afford the loan. (FAC ¶¶ 80-82, 87, 89.) Plaintiff's financial condition was known to her—not concealed by Defendants. Further, Lenders can sell the loans that they initiate, and the act of selling the loan does not generally have a "materially negative effect" on the borrower, because the terms remain the same. Here, however, the loan was never sold.

Accordingly, Plaintiff's fraud claim is dismissed without leave to amend, because any amendment would be futile.

### iii. Intentional Infliction of Emotional Distress

Plaintiff's third cause of action is for intentional infliction of emotional distress. (FAC ¶¶ 93-113.) Again, Plaintiff does not address this cause of action in her opposition, but the Court will address the claim as alleged in the FAC.

Intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009)(citations omitted).

Conduct is extreme and outrageous when it "exceed[s] all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n. 7 (1987). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."

*Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1122 (1988). Here, Plaintiff alleges that the NOD was invalid, because it did not credit Plaintiff for payments made, and therefore overstated the arrears. (FAC ¶ 99.) Thus, Defendants had no right to foreclose or sell the Subject Property, and that doing so constituted outrageous or reckless conduct. (FAC ¶¶ 101, 106.) The FAC suffers from the same deficiency as the initial complaint, in that Plaintiff fails to allege that she made her payments and was foreclosed upon despite being current on her loan. Moreover, it is clear that Defendants, as the lender and trustee, had a right to initiate a non-judicial foreclosure, so to the extent that they did so is not extreme or outrageous conduct, and this claim must be dismissed.

Plaintiff does not allege that she was not in default. Thus, had Plaintiff appeared at the hearing, she would have presumably conceded that she was not current on her loan. Accordingly, the third cause of action is dismissed without leave to amend, as any amendment would be futile.

### iv. Slander of Title

Plaintiff's fourth cause of action is for slander of title. (FAC ¶¶ 114-125.) Specifically, Plaintiff claims that Defendants had no interest in the property, and that the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed "disparaged and slandered" Plaintiff's title. (FAC ¶¶ 119-121.) The elements of a cause of action for slander of title are "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Alpha & Omega Dev., LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656, 664 (2011). In the amended complaint, Plaintiff alleges that the false information was the incorrect amount of arrears contained in the NOD. (FAC ¶¶ 115-116.)

Defendants argue that the cause of Plaintiff's injury is her failure to make timely mortgage payments rather than the filing of the NOD, which correctly stated that Plaintiff was in default. (Def.'s Reply at 5.) Moreover, California Civil Code § 2924(d) expressly states that notice requirements of non-judicial foreclosure sales are privileged communications. *See Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333 (2008). Even if the incorrect amount of arrears on the NOD satisfied the falsity requirement, the NOD is privileged, so Plaintiff cannot satisfy the "unprivileged" element. Thus, Plaintiff's slander of title claim fails as a matter of law.

Therefore, the fourth cause of action is dismissed without leave to amend, because any

amendment would be futile.

### v. Quiet Title

Plaintiff's fifth cause of action is for quiet title. (FAC ¶¶ 126-138.) Plaintiff continues to claim that tender is not required in connection with a quiet title claim. (FAC ¶ 127.) M&T contends that this claim must be dismissed because plaintiff has not offered to tender the full amount of the debt. (Def.'s Mot. at 11-12.)

Generally, a requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e. that they have satisfied their obligations under the deed of trust." *See Kelley v. Mortgage Elec. Registration Sys., Inc.,* 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009). Thus, it is normally dispositive as to this claim that, under California law, a borrower may not assert a quiet title action against a mortgagee without first paying the outstanding debt on the property. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010). As discussed above, courts have refused to apply the tender requirement where plaintiff plausibly alleges that the defendant lacks authority to foreclose on the property and, thus, that any foreclosure sale would be void rather than merely voidable. *See Lester v. J.P. Morgan Chase Bank*, 926 F. Supp. 2d 1081, 1095 (N.D. Cal. 2013).

Here, however, M&T originated the loan and recorded the NOD, and Old Republic was substituted as trustee. (RJN, Exs. D-I.) Thus, Plaintiff must allege that she could have tendered the outstanding debt to pay off the loan. Plaintiff defaulted on two loan modifications and, after being instructed by the Court, refused to allege that she could have paid off the arrears, so it is improbable that she possessed sufficient funds to pay off the entire loan. Since Plaintiff cannot allege that she could tender the balance of the loan, the quiet title claim must be dismissed without leave to amend, because any amendment would be futile.

///
///
///
///
///

### IV. CONCLUSION

In light of the foregoing, Defendant Manufacturers and Traders Trust Company's motion to dismiss Plaintiff's first amended complaint is GRANTED in full and without leave to amend as to all defendants. Further, the motion is granted based on both Plaintiff's failure to prosecute and on the merits.

The Clerk shall close the case.

IT IS SO ORDERED.

Dated: September 17, 2015

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge